IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

FRANCINE ANNA PADILLA,

      Plaintiff,

v.                                              1:15-cv-00412-LF

CAROLYN W. COLVIN, Acting
Commissioner of the Social Security
Administration,

      Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on plaintiff Francine Anna Padilla's Motion to

Reverse and Remand for a Rehearing with Supporting Memorandum (Doc. 19), which was fully

briefed April 14, 2016.  Docs. 23, 24.  Having carefully reviewed the parties' submissions and

the administrative record, I deny the motion and affirm the Commissioner's decision.

### I.      Standard of Review

The standard of review in a Social Security appeal is whether the Commissioner's final

decision[1] is supported by substantial evidence and whether the correct legal standards were

applied.  *Maes v. Astrue,* 522 F.3d 1093, 1096 (10th Cir. 2008).  If substantial evidence supports

the Commissioner's findings and the correct legal standards were applied, the Commissioner's

decision stands, and the plaintiff is not entitled to relief.  *Langley v. Barnhart,* 373 F.3d 1116,

1118 (10th Cir. 2004).  "The failure to apply the correct legal standard or to provide this court

with a sufficient basis to determine that appropriate legal principles have been followed is

grounds for reversal."  *Jensen v. Barnhart,* 436 F.3d 1163, 1165 (10th Cir. 2005) (internal

---

[1] The Court's review is limited to the Commissioner's final decision, 42 U.S.C. § 405(g), which
generally is the ALJ's decision, 20 C.F.R. §§ 404.981, 416.1481, as it is in this case.

quotation marks and brackets omitted).  The Court must meticulously review the entire record, but may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Flaherty v. Astrue,* 515 F.3d 1067, 1070 (10th Cir. 2007).

"Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Langley,* 373 F.3d at 1118.  A decision "is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it."  *Id.*  While the Court may not reweigh the evidence or try the issues de novo, its examination of the record as a whole must include "anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met."  *Grogan v. Barnhart,* 399 F.3d 1257, 1262 (10th Cir. 2005).  "'The possibility of drawing two inconsistent conclusions from the evidence does not prevent [the] findings from being supported by substantial evidence.'"  *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (quoting *Zoltanski v. F.A.A.*, 372 F.3d 1195, 1200 (10th Cir. 2004)).

## II.    Applicable Law and Sequential Evaluation Process

To qualify for disability benefits, a claimant must establish that he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a).

When considering a disability application, the Commissioner is required to use a five-step sequential evaluation process.  20 C.F.R. §§ 404.1520, 416.920; *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987).  At the first four steps of the evaluation process, the claimant must show:  (1) the claimant is not engaged in "substantial gainful activity;" (2) the claimant has a "severe

medically determinable . . . impairment . . . or a combination of impairments" that has lasted or is expected to last for at least one year; *and* (3) the impairment(s) either meet or equal one of the Listings[2] of presumptively disabling impairments; *or* (4) the claimant is unable to perform his or her "past relevant work."  20 C.F.R. §§ 404.1520(a)(4)(i–iv), 416.920(a)(4)(i–iv); *Grogan*, 399 F.3d at 1261.  If the claimant cannot show that his or her impairment meets or equals a Listing but proves that he or she is unable to perform his or her "past relevant work," the burden then shifts to the Commissioner, at step five, to show that the claimant is able to perform other work in the national economy, considering the claimant's residual functional capacity ("RFC"), age, education, and work experience.  *Id.*

### III.    Background and Procedural History

Ms. Padilla is a 46-year-old woman with a tenth grade education who has a history working primarily as a cashier.  AR[3] 47–48, 188, 250, 798.  Ms. Padilla lives with her parents and teenage son.  AR 26, 52.  She stopped working in 2010 because she was terminated from her position for poor job performance.  AR 48–49, 223.

Ms. Padilla applied for disability insurance benefits[4] in March of 2011 alleging disability since October 1, 2007.  AR 181.  She later amended her onset date to September 30, 2010.  AR 21, 45, 46.  Ms. Padilla alleged disability based on chronic neck and back pain, migraines, and genital herpes.  AR 223.  Her claim was denied initially and upon reconsideration.  AR 69–103,

---

[2] 20 C.F.R. pt. 404, subpt. P, app. 1.

[3] Documents 15-1 through 15-24 comprise the sealed administrative record ("AR").  When citing to the record, the Court cites to the AR's internal pagination rather than the CM/ECF document number and page.

[4] The parties and the ALJ state that Ms. Padilla applied for supplemental security income (SSI).  Doc. 19 at 3; Doc. 22 at 1; AR 21.  However, there is no application for SSI in the record.  Instead, the record contains duplicate applications for disability insurance benefits (DIB).  AR 181–94.  The one document pertaining to SSI is not an application but an Interim Assistance Reimbursement form signed by Ms. Padilla.  AR 195.

110–19.  She requested a hearing before an administrative law judge ("ALJ"), AR 120–23, and

ALJ Ann Farris held a hearing on August 2, 2013, AR 40–67.

The ALJ issued her unfavorable decision on January 14, 2014.  AR 18–39.  At step one,

the ALJ found that Ms. Padilla meets the insured status requirement of the Social Security Act

through September 30, 2015, and that she had not engaged in substantial, gainful activity since

September 30, 2010.[5]  AR 23.  Because Ms. Padilla had not engaged in substantial gainful

activity for at least 12 months, the ALJ proceeded to step two.  AR 24.  At step two, the ALJ

found that Ms. Padilla suffered from severe impairments, including "mild degenerative disc

disease of the lumbar spine (L5-S1), obesity, depression, borderline personality disorder, and

bilateral carpal tunnel syndrome."  *Id*.  At step three, the ALJ found that none of Ms. Padilla's

impairments, alone or in combination, met or medically equaled a Listing.  AR 24–25.  Because

none of the impairments met a Listing, the ALJ moved to step four.

At step four, the ALJ found that Ms. Padilla had the residual functional capacity ("RFC")

to perform light work with some limitations, but that she was unable to perform her past relevant

work.  AR 25–26, 31.  At step five, relying on the testimony of the vocational expert, the ALJ

concluded that Ms. Padilla was "capable of making a successful adjustment to other work that

exists in significant numbers in the national economy."  AR 33.  Accordingly, the ALJ found Ms.

Padilla not disabled.  *Id.*

Ms. Padilla sought review of the ALJ's decision with the Appeals Council and submitted

new evidence (a medical assessment of her ability to do work-related activities) from a doctor

---

[5] The ALJ's decision notes that Ms. Padilla has not engaged in substantial gainful activity since
"October 1, 2007, the amended onset date."  AR 23.  Ms. Padilla initially alleged an onset date of
October 1, 2007, and, as the ALJ noted, amended her onset date at the hearing to September 30,
2010.  AR 21.  The Court presumes that the "October 1, 2007" date is an error, and that the ALJ
was working under the assumption that Ms. Padilla's alleged onset date is September 30, 2010.

she described as a treating medical source.  *See* AR 801–02; Doc. 19 at 12, 16–18.  Despite the

new evidence, the Appeals Council denied Ms. Padilla's request for review, AR 1–3, making the

ALJ's decision the final decision of the Commissioner and prompting this appeal.

**IV.    Ms. Padilla's Claims**

Ms. Padilla raises three main arguments on appeal:  (1) the Appeals Council failed to

properly account for qualifying new evidence; (2) the ALJ failed to incorporate the requirement

that Ms. Padilla must alternate between sitting and standing into Ms. Padilla's RFC; and (3) the

ALJ failed to incorporate the limiting effects of obesity into Ms. Padilla's RFC.  Doc. 19 at 2.  I

find that the Appeals Council and the ALJ applied the correct legal standards and their decisions

are supported by substantial evidence.

**V.    Discussion**

**A.    The Appeals Council Properly Accounted for Newly Submitted
Evidence**

Ms. Padilla contends that the Appeals Council failed to properly account for new

evidence by failing to conduct a treating physician analysis to the new evidence. Doc. 19 at 14–

19; Doc. 23 at 5–6.  New evidence submitted to the Appeals Council becomes a part of the

administrative record for the purposes of evaluating the Commissioner's decision for substantial

evidence.  *Threet v. Barnhart*, 353 F.3d 1185, 1191 (10th Cir. 2003).  The regulations

specifically require the Appeals Council to consider evidence submitted with a request for

review if the additional evidence is (1) new, (2) material, and (3) related to the period on or

before the date of the ALJ's decision.  20 C.F.R. § 404.970(b); *Threet*, 353 F.3d at 1191.  "If the

Appeals Council fails to consider qualifying new evidence, the case should be remanded for

further proceedings."  *Threet*, 353 F.3d at 1191.

After the ALJ's decision, Ms. Padilla requested that the Appeals Council review her claim and submitted new evidence.  AR 1, 801–02.  The new evidence consisted of Dr. Alisha Parada's medical source statement.  The medical source statement consists of two pages of check-box style forms entitled "Medical Assessment of Ability to do Work-Related Activities (Non-Physical)," AR 801, and "Medical Assessment of Ability to do Work-Related Activities (Physical)," AR 802.  The Appeals Council made these records part of the administrative record, AR 1–5, and they are, therefore, part of the record before this Court.  *Martinez v. Barnhart*, 444 F.3d 1201, 1208 (2006) (quoting *O'Dell v. Shalala*, 44 F.3d 855, 859 (10th Cir. 1994); *Threet*, 353 F.3d at 1191); *see also Krauser v. Astrue*, 638 F.3d 1324, 1328 (2011).

There is no dispute that the evidence presented to the Appeals Council was new, material, and related to the period on or before the date of the ALJ's decision.  Ms. Padilla argues, however, that the Appeals Council failed to properly assess the opinion evidence under the treating physician's rule[6] before denying review.  Doc. 19 at 14–17.  This argument is without merit.

First, it is unclear that Dr. Parada was Ms. Padilla's treating physician.  Ms. Padilla refers to Dr. Parada as her "primary care physician" and "treating doctor."  AR 771, 773, 780; Doc.19 at 12, 16, 17, 18.  She asserts that Dr. Parada's opinion is based on a four-year treatment relationship and is a "treating source medical opinion."  Doc. 19 at 12, 18.  Yet there are not four years of medical records that support this assertion.  In fact, the record does not contain <u>any</u>

---

[6] The treating physician's rule requires the ALJ to give controlling weight to a treating source opinion where the opinion is supported by medically acceptable clinical and laboratory diagnostic techniques and is consistent with other substantial evidence in the record.  *Pisciotta v. Astrue*, 500 F.3d 1074, 1077 (10th Cir. 2007) (citing 20 C.F.R. § 404.1527(d) (2); *Watkins v. Barnhart*, 350 F.3d 1297, 1300 (10th Cir.2003)).  If the opinion is not entitled to controlling weight, "the ALJ must then consider whether the opinion should be rejected altogether or assigned some lesser weight," using the six factors set forth in the regulations.  *Id.* at 1301.

medical records that establish that Dr. Parada ever treated Ms. Padilla.  The medical assessment

forms state, "Please consider the patient's medical history and chronicity of findings as from

09/2010 to current examination."  AR 801, 802 (emphasis in original).  This statement does not

demonstrate that Dr. Parada was treating Ms. Padilla during this time frame, only that the doctor

filling out the form—here Dr. Parada—should consider the patient's medical history during this

time frame for purposes of the assessment.  Further, Ms. Padilla lists Dr. Parada as a doctor who

treated her at the Southwest Mesa Clinic.  AR 324.  Although medical records were obtained

from Southwest Mesa Clinic, they do not include treatment records from Dr. Parada.  AR 751–

53, 771–76.  As Ms. Padilla has not demonstrated that Dr. Parada is her treating physician, Dr.

Parada's opinion would not qualify as a treating source statement subject to the treating

physician rule.

Second, the Court will not assume that the Appeals Council failed to properly consider

evidence simply because it chose not to discuss the evidence in its order denying review.  Tenth

Circuit precedent requires that the Appeals Council consider properly submitted evidence that is

new, material, and temporally relevant.  *Threet*, 353 F.3d at 1191; 20 C.F.R. § 404.970(b).  If, as

happened here, the Appeals Council explicitly states that it considered the evidence, there is no

error, even if the order denying review includes no further discussion.  *See Martinez*, 444 F.3d at

1207–08 (noting that Appeals Council's analysis of new evidence would have been helpful but

was not required).  The Court takes the Appeals Council at its word "when it declares that it has

considered a matter."  *Hackett v. Barnhart*, 395 F.3d 1168, 1173 (10th Cir. 2005).

The Appeals Council stated that it considered "the material listed on the enclosed Order

of Appeals Council."  AR 1.  The material listed on the Order of Appeals Council included Dr.

Parada's medical assessment.  AR 5.  The Appeals Council then concluded that "this information

does not provide a basis for changing the Administrative Law Judge's decision."  AR 2.  It therefore is apparent that the Appeals Council considered the additional evidence, "meaning that it 'evaluate[d] the entire record including the new and material evidence submitted.'"  *Martinez*, 444 F.3d at 1207 (quoting 20 C.F.R. § 404.970(b)).  No further discussion is required.  *Id*.

Ms. Padilla argues that the Appeals Council was required to follow the same rules for considering opinion evidence as the ALJ, including the treating physician's rule.  Doc. 19 at 14–15.  However, the regulations require the Appeals Council to follow the same rules "[w]hen the Appeals Council makes a decision."  20 C.F.R. §§ 404.1527(e)(3), 416.927(e)(3).  Here, having denied review, the Appeals Council did not make a decision with regard to the merits of Ms. Padilla's claim for disability.  Thus, the Appeals Council was not required to follow the same rules as the ALJ when considering Dr. Parada's medical source statement.

Plaintiff cites *Harper v. Astrue*, 428 F. App'x 823, 825 (10th Cir. 2011) (unpublished), in support of her motion to remand.  In *Harper*, the Tenth Circuit remanded the case because neither the ALJ nor the Appeals Council conducted a treating physician analysis of claimant's primary treating physician's medical records and medical opinions.  *Id*. at 825–25.  Here, Ms. Padilla cannot claim that the ALJ failed to properly evaluate the new medical evidence because the evidence did not exist when the ALJ rendered her decision.  *Harper* therefore is distinguishable.  In addition, because *Harper* is unpublished, it is not binding on this Court.  *See United States v. Austin*, 426 F.3d 1266, 1274 (10th Cir. 2005); 10th Cir. R. 32.1(A) ("Unpublished decisions are not precedential, but may be cited for their persuasive value.").  Further, as the Commissioner points out, "the Tenth Circuit also recently confirmed that the Appeals Council need not explicitly evaluate new evidence involving an opinion from a treating physician in an order denying review."  Doc. 22 at 14 (citing *Lynn v. Colvin*, 637 F. App'x 495,

497 (10th Cir. 2016) (unpublished)).  Given the Tenth Circuit's holding in *Martinez* that the Appeals Council is not required to specifically discuss a doctor's treatment records when it denies review so long as it states that it considered the records, *see* 444 F.3d at 1207, I find *Lynn* persuasive.  Accordingly, I reject Ms. Padilla's contention that the Appeals Council erred by failing to specifically discuss Dr. Parada's medical assessment.

Ms. Padilla also criticizes the ALJ for failing to assess and incorporate Dr. Parada's opinion into her RFC.  Specifically, Ms. Padilla contends that the ALJ failed to incorporate Dr. Parada's opinion that Ms. Padilla must alternate between sitting and standing.  Doc. 19 at 17–20. Dr. Parada's opinion was rendered almost eight months after the ALJ's decision.  *Compare* AR 33 (ALJ's decision dated January 14, 2014) *with* AR 802 (dated August 26, 2014).  The Appeals Council did not remand the case to the ALJ for consideration of the new evidence.  AR 1. Although the ALJ must weigh each medical opinion and give good reasons for the weight assigned, 20 C.F.R. § 404.1527, the ALJ cannot evaluate evidence that does not exist.  The ALJ did not err by failing to assess or incorporate into the RFC evidence that did not exist at the time of her decision.

Although the ALJ did not evaluate Dr. Parada's medical assessment, because the Appeal's Council made it a part of the administrative record, this Court must consider it when evaluating the ALJ's decision for substantial evidence.  *See Martinez*, 444 F.3d at 1208.  Having considered the entire record, including Dr. Parada's opinions, I agree with the Appeals Council that Dr. Parada's opinion does not provide a basis for changing the ALJ's decision.

First, as discussed above, there is no evidence in the record that establishes that Dr. Parada was, in fact, Ms. Padilla's treating physician.  Accordingly, Dr. Parada's opinion is not entitled to the deference afforded to a treating physician.  Second, Dr. Parada offers check-box

forms without explanations, reasons, or treatment notes that support her opinion.  Explanatory material is relevant in deciding the weight a physician's opinion should receive.  *See White v. Barnhart*, 287 F.3d 903, 907–08 (10th Cir. 2001).  "Moreover, findings of a nontreating physician based upon limited contact and examination are of suspect reliability."  *Frey v. Bowen*, 816 F.2d 508, 515 (1987).  The Tenth Circuit has rejected check-box form opinions where there is no indication that the opining doctor knows the prior history of or has examined the claimant.  *See id*.  "Such evaluation forms, standing alone, unaccompanied by thorough written reports or persuasive testimony, are not substantial evidence."  *Id*.  Here, Dr. Parada's medical assessment is a check-box form without a written report, testimony, or treatment records.  Aside from a brief statement that Ms. Padilla has "chronic pain and severe depression," AR 801, there is no indication that Dr. Parada knows the prior history of or has examined Ms. Padilla.  Therefore, Dr. Parada's opinions do not constitute substantial evidence, and the Appeals Council correctly concluded that the information did not provide a basis for changing the ALJ's decision.

Finally, Ms. Padilla contends that the ALJ failed to incorporate Dr. Parada's opinion that Ms. Padilla is required to alternate between sitting and standing into her RFC.  Doc. 19 at 19–20.  This limitation is not supported by substantial evidence.  As discussed above, Dr. Parada's opinion does not constitute substantial evidence and was not before the ALJ.  Further, although Dr. Vigil stated that "[Ms. Padilla] is able to sit for 20 minutes and then has to stand up," AR 748, this observation does not constitute adequate evidence to support the conclusion that Ms. Padilla requires a sit/stand option.  Rather, Dr. Vigil concluded that Ms. Padilla could perform "very light to sedentary work," but did not specifically state that a sit/stand option was required.

AR 749.  The ALJ did not err by omitting the sit/stand requirement from her RFC.  Such a finding was not supported by this mere scintilla of evidence.[7]

### B.        ALJ Farris Did Not Err in Addressing the Effects of Obesity

"The RFC assessment considers only functional limitations and restrictions that result from an individual's medically determinable impairment or combination of impairments, including the impact of any related symptoms."  SSR 96-8p, 1996 WL 374184, at *1.  An ALJ is required to consider the effects of obesity when assessing a claimant's RFC.  *See* SSR 02-1p, 2002 WL 34686281, at *1.  However, the ALJ may "not make assumptions about the severity or functional effects of obesity combined with other impairments," but instead must "evaluate each case based on the information in the case record."  *Id*. at *6.  Absent record evidence that obesity resulted in additional functional limitations or exacerbated other impairments, an ALJ is not required to discuss the effects of obesity.  *See Jimison ex rel. Sims v. Colvin*, 513 F. App'x 789, 798 (10th Cir. 2013) (finding no error where there was no evidence in the record of any functional limitations from the claimant's obesity that was inconsistent with the RFC); *Smith v. Colvin*, 625 F. App'x 896, 899 (10th Cir. 2015) (ALJ is not required to note the absence of any evidence that obesity resulted in additional functional limitations or exacerbated any other impairments); *see also Rose v. Colvin*, 634 F. App'x 632, 637 (10th Cir. 2015) (ALJ did not err where the factual record did not support claimant's position that her obesity precluded her from performing a limited range of sedentary work).

The ALJ found that Ms. Padilla has the RFC to:

[P]erform a range of light work as defined in 20 CFR 404.1567(b) and 416.967(b).[8]  Specifically, the claimant can lift and/or carry twenty pounds

---

[7]Ms. Padilla also contends that other doctors' treatment records support a sit/stand option.  Doc. 19 at 20, n. 9.  While Ms. Padilla's doctors noted she suffered pain in her back and lower extremities, none of them recommended a sit/stand option to relieve these symptoms.

occasionally and ten pounds frequently.  She can stand and/or walk for six hours out of an eight-hour workday with regular breaks.  She can sit for six hours out of an eight-hour workday with regular breaks.  She can push and/or pull twenty pounds occasionally and ten pounds frequently.  Additionally, she can frequently but not constantly perform activities involving handling and fingering.  She can make only simple workplace decisions with few workplace changes.  She should have no interaction with the public, and only occasional and superficial interaction with co-workers.

AR. 25.

Ms. Padilla argues that despite finding her obesity to be a severe impairment at step two, the ALJ failed to incorporate the limiting effects of obesity into her RFC because "Ms. Padilla had musculoskeletal problems complicated by the effects of obesity."  Doc. 19 at 22; Doc. 23 at 1–3.  While the doctors who examined Ms. Padilla often note that she is obese, AR 398, 491, 528, 563, 640, 649, 748, there is no evidence of functional limitations caused by Ms. Padilla's obesity—or of any impairments caused or exacerbated by her obesity—that are inconsistent with the RFC.  *See Jimison*, 513 F. App'x at 798.  For example, Dr. Vigil notes that Ms. Padilla's "lumbar spine is moderately tender in the midline with some paraspinous [muscle] tenderness bilaterally with decreased range of motion to 65° of flexion somewhat limited by her obesity."  AR 749.  Dr. Vigil does not opine that the limited range of motion had an effect on Ms. Padilla's ability to perform work-related activities.  Dr. Vigil generally concludes that "I do not believe

---

[8] Sections 404.1567(b) and 416.967(b) define "light work" as follows:

> Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds.  Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls.  To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities.  If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 C.F.R. §§ 404.1567(b), 416.967(b).

that she is able to work in anything other than a very light to sedentary work capacity." This opinion is based on Ms. Padilla's overall chronic medical and psychiatric conditions, not solely on her obesity. *Id.* Dr. Chimosky concluded that, "I think [obesity] is a contributor to the patient's back and neck pain," AR 399, but he did not assign a functional limitation that resulted from Ms. Padilla's back and neck pain. *Id.*

The ALJ limited Ms. Padilla to light work. The definition of "light work" does not include a full range of motion in the lumbar spine. Ms. Padilla does not argue that ALJ Farris failed to properly assess her back and neck pain. Ms. Padilla has not shown that her obesity alone, or in combination with her other impairments, resulted in any further limitations. Assigning functional limitations due to obesity would require the ALJ to make assumptions about the severity or functional effects of Ms. Padilla's obesity that are absent from the record, which is not permitted. The ALJ did not err in formulating Ms. Padilla's RFC.

## VI.    Conclusion

For the reasons stated above, I find that the Appeals Council properly accounted for the newly submitted medical evidence. I also find that the ALJ did not err in addressing the effects of Ms. Padilla's obesity or in formulating her RFC.

IT IS THEREFORE ORDERED that Ms. Padilla's Motion to Reverse and Remand for a Rehearing (Doc. 19) is DENIED and the decision of the Commissioner is AFFIRMED.


_____
Laura Fashing
United States Magistrate Judge